```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
CAN'T LIVE WITHOUT IT, LLC d/b/a        :
S'WELL BOTTLE,                          :
                                        :    18cv4789(DLC)
                Plaintiff,              :
         -v-                            :    MEMORANDUM OPINION
                                        :       & ORDER
CSS, INC., JOHN DOE 1 d/b/a ROBERT      :
ALLAS and JOHN DOES 2-5,                :
                                        :
                Defendants.             :
                                        :
----------------------------------------X
```

APPEARANCES

For the plaintiff:
Robert Potter
Olivia Harris
The Grace Building
1114 Avenue of the Americas
New York, New York 10036

For defendant CSS, Inc.:
Edward J. Mullins III
Edward J. Mullins III, Esq. LLC
1010 Summit Avenue
Union City, New Jersey 07087

Christine C. McIntyre
Michael P. Corcoran Law Offices
35 Love Lane
Netcong, New Jersey 07857

DENISE COTE, District Judge:

Plaintiff Can't Live Without It, LLC d/b/a S'Well Bottle ("Swell") brings a variety of trademark infringement and unfair competition claims against CSS, Inc. ("CSS") and several John Doe defendants.  CSS has now moved to dismiss pursuant to Rules

12(b)(3) and 12(b)(6), Fed. R. Civ. P., or to transfer pursuant to 28 U.S.C. § 1404(a). For the reasons that follow, the motion to dismiss for improper venue is granted.

**Background**

The principal allegations in the Complaint are as follows. Swell is a Delaware corporation with a principal place of business in this district (the "Southern District"). Swell sells reusable water bottles and has trademarked its name and logo. In May 2018, Swell discovered that counterfeit Swell bottles were being sold through a Canadian retailer called FactoryDirect.ca. When Swell sent FactoryDirect.ca a demand letter regarding the counterfeit bottles, FactoryDirect.ca informed Swell that defendant CSS had supplied it with the bottles. Swell then sent a demand letter to CSS. CSS, which uses the business name Closeout Surplus & Salvage, Inc., is a New Jersey corporation with a principal place of business in New Jersey. CSS told Swell that CSS had purchased the counterfeit bottles from a defendant named in the Complaint as John Doe 1 d/b/a Robert Allas ("Allas"). The sale took place at a flea market located in Westbury, New York, a town on Long Island located in the Eastern District of New York (the "Eastern

District").[1]  The Complaint alleges that Allas "resides and/or does business in the State of New York and/or this District, including without limitation through one or more flea markets in or around Westbury, New York."

This case was filed on May 30, 2018.  On July 3, CSS moved to dismiss the Complaint for improper venue, for failure to state a claim, and in the alternative moved to transfer this proceeding to the United States District Court for either the Eastern District of New York or the District of New Jersey.  An Order of July 5 gave the plaintiff an opportunity to either amend its Complaint or to oppose the motion.  The Order warned that the plaintiff would likely not have a further opportunity to amend.  The plaintiff chose not to amend the Complaint, and filed its opposition to the motion to dismiss instead.  The motion became fully submitted on August 27.

## Discussion

28 U.S.C. § 1391 ("Section 1391") provides, <u>inter alia</u>, that

> [a] civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a

---

[1] Proof of service of the Complaint on Allas has not been filed, Allas has not appeared, and Swell has not moved for a default as to Allas.  The Complaint alleges that Swell has left voicemail messages for Allas at a telephone number provided to Swell by CSS.

3

>     substantial part of property that is the subject of
>     the action is situated.

28 U.S.C. § 1391(b). The Second Circuit has cautioned district courts "to take seriously the adjective 'substantial'" in Section 1391, and has stated that "for venue to be proper, <u>significant</u> events or omissions <u>material</u> to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." <u>Gulf Ins. Co. v. Glasbrenner</u>, 417 F.3d 353, 357 (2d Cir. 2005) (emphasis in original). A plaintiff faced with a motion to dismiss for improper venue may choose to rely on pleadings and affidavits to oppose the motion. <u>See</u> <u>id.</u> at 355. In such cases, "the plaintiff need only make a <u>prima facie</u> showing of venue." <u>Id.</u> (citation omitted).

If venue does not lie where an action was brought, 28 U.S.C. § 1406(a) provides that "[t]he district court . . . shall dismiss [the case], or if it be in the interest of justice, transfer such case to any division or district in which it could have been brought." If "allowing a transfer" would "reward [a] plaintiff[] for [its] lack of diligence in choosing a proper forum," transfer is "not in the interest of justice." <u>Spar, Inc. v. Info. Res., Inc.</u>, 956 F.2d 392, 391 (2d Cir. 1992). "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." <u>Minnette v. Time</u>

4

Warner, 997 F.2d 1023, 1026 (2d Cir. 1993).

Venue does not lie in this district. The Complaint alleges that Allas sold the counterfeit bottles to CSS in the Eastern District, that CSS does business in the District of New Jersey, and that CSS sold the counterfeit bottles to a Canadian company. Thus, none of the events that gave rise to Swell's claims occurred in the Southern District.

In its opposition brief, Swell argues that, "[g]iven CSS's proximity to the Southern District . . . and its millions of discount shoppers, CSS's implication that it does no business in the Southern District strains credulity." Neither this argument nor the Complaint and other papers submitted by Swell make a prima facie showing of venue.[2]

CSS has moved to dismiss or in the alternative to transfer. In its opposition papers, Swell identifies no procedural bar that would prevent it from refiling these claims in either the Eastern District or in the District of New Jersey if this action is dismissed. The interest of justice is at best neutral, and

---

[2] Swell requests that limited discovery be permitted to determine whether venue is proper in this district. This request is denied. Swell has contacted both CSS and FactoryDirect.ca, has learned about the chain of events that led to the counterfeit bottles being offered for sale, but has been unable to connect these events to the Southern District. Venue appears to lie in neighboring districts. The plaintiff has not shown why the parties' resources should be further diverted from reaching the merits of the Complaint.

5

so does not support transfer.  Accordingly, this case will be dismissed.

## Conclusion

The July 3 motion to dismiss for improper venue is granted. The Clerk of Court is directed to close the case.

Dated:    New York, New York
          September 6, 2018

```
                          _____
                               DENISE COTE
                          United States District Judge
```